JUDGE ENGELMAYER       13 CV 6287

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X
                                   :
JANE DOE,                          :
                                   :
            Plaintiff,             :
                                   :
      - against -                  :         **COMPLAINT**
                                   :
DELTA AIR LINES, INC., a Delaware  :
corporation doing business in New York, :
                                   :         RECEIVED
            Defendant.             :         SEP 0 6 2013
                                   :         U.S.D.C. S.D. N.Y.
                                   :         CASHIERS
---------------------------------- X

COMES NOW Plaintiff, JANE DOE, individually and in her own right, by and through the undersigned counsel brings this Complaint against Defendant DELTA AIR LINES, INC., a Delaware corporation and alleges on information and belief as follows:

### JURISDICTION

1. This is an action for damages in excess of *Seventy-Five Thousand and 00/100 Dollars ($75,000.00)* exclusive of interest, costs, and attorney's fees.

2. Jurisdiction exists over this action and DELTA AIR LINES, INC., under 28 U.S.C. §§ 1331 and 1332.

3. Venue is proper under 28 U.S.C. § 1391 because Plaintiff is a resident of this District and Defendant conducts significant business within this District. All conditions precedent to bringing this action have been met.

## VENUE

4. Venue in this District satisfies the requirements of § 1391 in that, as set out in paragraph two, Defendant DELTA AIR LINES, INC., conducts substantial business in and is subject to personal jurisdiction in this District.

## NATURE OF THE CAUSE OF ACTION

5. This is an action for damages on behalf of the Plaintiff, JANE DOE, for personal injuries suffered during the false arrest at Washington National Ronald Reagan airport (hereinafter "DCA") on September 8, 2012.

## FACTUAL ALLEGATIONS

6. Plaintiff is a citizen and resident of the County of New York, State of New York.

7. This action is brought in anonymity because the subject of this lawsuit is the battery, false arrest and defamation of Jane Doe. The privacy of Jane Doe needs to be protected so that her battery at the hands of a male Delta Air Lines, Inc. employee, defamatory statements made against her, and her subsequent incarceration do not cause further injury and humiliation to her and her reputation. In addition, there is no countervailing public interest that would require disclosure of the Plaintiff's identity at this time.

8. Plaintiff is informed and believes that Delta Air Lines, Inc., (hereinafter referred to as "Delta") is a corporation formed and organized under the laws of Delaware.

9. Plaintiff is informed and believes that Defendant Delta conducts business in the County of New York, State of New York and maintains a registered agent in the State of New York.

10. Plaintiff is informed and believes that Defendant Delta operates a passenger airline, promotes and advertises its products and services through various media sources, and invites the public to purchase tickets on various Delta flights.

11. On or about September 8, 2012, Plaintiff was a passenger on a Delta flight, from Washington, D.C. to New York, New York, more commonly known as the Delta Shuttle. Plaintiff was a first class fare paying passenger on the 3:00 p.m. flight. Plaintiff boarded the aircraft at approximately 2:30 p.m. However, due to adverse weather, the aircraft returned to Gate 17 at approximately 4:30 p.m.

12. Upon return to Gate 17, Plaintiff and her fellow passengers disembarked the aircraft. As passengers exited the aircraft, they were instructed by a Delta gate agent to remain in the immediate vicinity, as it was the intention for the flight to depart, as soon as the weather cleared. The agent suggested passengers wait at the restaurant next to Gate 17.

13. Plaintiff proceeded to the restaurant and ordered food and drink. Every 20-30 minutes during the 3.5 hour delay, Plaintiff returned to Gate 17 inquiring of the status of the flight. The agents at Gate 17 were courteous and sympathetic, assuring Plaintiff her first class ticket would be honored on the next available shuttle flight. Plaintiff suffers from debilitating knee and back issues that necessitated the extra space provided in first class seating especially on a flight that was fully booked. At approximately 7:00 p.m., passengers waiting in the vicinity of Gate 17 were instructed to proceed to Gate 15.

14. Following the directions of the gate agents at Gate 17, Plaintiff proceeded to Gate 15. Upon arriving at Gate 15, Plaintiff approached the Delta gate agent to inquire about boarding procedures as she was told by the agents at Gate 17, that passengers from the 3:00 shuttle would have priority in boarding and that the first class passengers on the 3:00 shuttle would retain their

first class seats. The male Delta agent at Gate 15, rudely responded that he would decide who was boarded on the next Delta shuttle flight. Not wanting to argue with the agent, Plaintiff, turned and walked away.

15.     As Plaintiff was walking away, the male Delta agent from Gate 15, grabbed her shoulder from behind and spun her around. Plaintiff was startled and surprised by being grabbed from behind and was even more startled that it was the male Delta agent. The Delta agent then proceeded, in a loud voice, to accuse Plaintiff of being intoxicated. There were a number of other passengers in the area who watched and heard what the agent was saying. Plaintiff denied the allegation, directed the male agent to talk to the waitress at the restaurant where she was served dinner (which was between Gate 15 and Gate 17) and continued to walk away.

16.     Once Plaintiff walked away, the Delta agent returned to Gate 15. One or more agents or employees of Delta contacted law enforcement and, falsely accused Plaintiff of being publicly intoxicated. Plaintiff was unaware law enforcement had been called. At no time was Plaintiff told that she would be denied boarding due to intoxication. Moreover, the Delta personnel at Gate 17 with whom Plaintiff had had the most interaction through the long afternoon never made any such allegations but were courteous and polite throughout the afternoon. It was the male Delta agent who had a less than five minute interaction with Plaintiff during the course of the 3.5 hour flight delay who instigated the entire incident.

17.     Shortly thereafter, passengers began the boarding process. As Plaintiff attempted to board, the same male Delta agent who had grabbed her from behind and accused her of being intoxicated told Plaintiff to stand to the side. Plaintiff complied and after a few minutes was instructed to turn around. Standing several feet away were two officers. The Delta agent told the officers, 'this is the one," pointing to Plaintiff. The police officers made no attempt to

communicate with Plaintiff or to ask for identification since this incident occurred at an airport and was subject to the sole authority of the male Delta agent. Plaintiff was simply handcuffed and paraded through the Delta terminal in full view of other passengers and airport personnel. As Plaintiff was being led off, Delta's agents laughed and pointed at Plaintiff.

18. One or more agents or employees of Defendant Delta instructed a police officer to arrest Plaintiff, falsely claiming Plaintiff was publicly intoxicated.

19. During the entirety of the incident, no person from Delta management or any Delta supervisor investigated the accusations of its agent/employee including failing to review or secure video of the alleged incident. Additionally, at no time was Plaintiff denied boarding by Delta due to intoxication or asked to leave the terminal. Delta had no policies or procedures in place concerning the decision to arrest passengers and/or customers.

20. Plaintiff was handcuffed and incarcerated for approximately eight (8) hours before she was released on her own recognizance.

21. Ultimately, the charges against Plaintiff were dismissed, when Delta's agents, employees, and/or servants, failed to appear in court.

22. Due to the arrest, Plaintiff was required to retain an attorney to defend the charges.

23. As a result of Defendant's tortuous conduct and that of its agents and employees, Plaintiff missed time from work, expended monies to travel to Washington for trial was forced to endure the poor conditions of jail, experienced shame, humiliation, embarrassment, attorney's fees, travel fees, and significant mental, emotional and physical distress.

24. Defendant Delta is liable for the actions and omissions its agents or employees performed, or did not perform, in the scope of their employment pursuant to the doctrine of *respondeat superior*.

## FOR A FIRST CAUSE OF ACTION

(False Imprisonment/False Arrest/Wrongful Detention)

25. All prior allegations not inconsistent with this cause of action are re-alleged and incorporated by reference herein.

26. Defendant Delta, by its words and acts and those of its agents or employees, without any warning to Plaintiff or denial of boarding to Plaintiff or request to leave the terminal, falsely instructed the police officer to arrest Plaintiff due to public intoxication. Defendant Delta, by its words and acts and those of its agents or employees, further restrained Plaintiff by instructing the police officer to arrest Plaintiff. Defendant Delta, by its words and acts and those of its agents or employees, restrained Plaintiff until the police officer arrested Plaintiff, by telling Plaintiff to stand aside of the boarding line and not to move.

27. Such restraints were performed intentionally by Defendant Delta and its agents or employees.

28. Such restraints were unlawful.

29. Defendant Delta and its agents or employees lacked probable cause to arrest or detain Plaintiff or to instruct law enforcement to do so. After the male Delta agent grabbed Plaintiff from behind and accused her of public intoxication, Plaintiff invited the male Delta agent to speak to the waitress at the restaurant and pointed her out to him so that he could verify the falseness of his own statements.

30. Defendant Delta and its agents or employees falsely accused Plaintiff of being intoxicated and conveyed this false accusation to law enforcement. The actions of the agent were malicious, in that the agent knew the accusations to be false, knew or should have known that Plaintiff would be arrested and handcuffed in public, incarcerated, and then laughed at Plaintiff following her arrest. Further the agent was aware that it was Delta's policy that to deny boarding due to passenger intoxication required the intervention of a supervisor or management, however, simply to notify law enforcement does not.

31. Plaintiff, following the false accusations of the Delta agent, was arrested and incarcerated for approximately eight hours.

32. As a direct and proximate result of Defendant Delta's and its agents' or employees' false imprisonment, false arrest, and wrongful detention of Plaintiff, Plaintiff has sustained actual and consequential damages.

33. Plaintiff is informed and believes she is entitled to judgment against Defendant Delta for actual, consequential, and punitive damages.

## FOR A SECOND CAUSE OF ACTION

(Malicious Prosecution)

34. All prior allegations not inconsistent with this cause of action are re-alleged and incorporated by reference herein.

35. Defendant Delta and its agents or employees instituted original judicial proceedings of a criminal nature against Plaintiff by or at their own instance.

36. Specifically, Plaintiff was charged with public intoxication.

37. These proceedings were terminated in Plaintiff's favor.

38. Defendant Delta and its agents or employees had malice in instituting these proceedings and performed such acts without just cause or excuse. The agent of Defendant made false accusations against Plaintiff, knowing they were false, knew or should have known that Plaintiff would be arrested and handcuffed in public, incarcerated, and then laughed at Plaintiff following her arrest. The Delta agent was requested by the Plaintiff to inquire at the restaurant as to how much Plaintiff had to drink. Further the agent was aware that it was Delta's policy that to deny boarding due to passenger intoxication required the intervention of a supervisor or management, however, simply to notify law enforcement does not.

39. Defendant Delta and its agents or employees lacked probable cause in instituting these proceedings.

40. As a direct and proximate result of Defendant Delta's and its agents' or employees' malicious prosecution, Plaintiff has sustained actual and consequential damages.

41. Plaintiff is informed and believes she is entitled to judgment against Defendant Delta for actual, consequential, and punitive damages.

## FOR A THIRD CAUSE OF ACTION

(Defamation/Slander)

42. All prior allegations not inconsistent with this cause of action are re-alleged and incorporated by reference herein.

43. By reporting to the police that Plaintiff was intoxicated, by having Plaintiff detained in plain view of the public, and by having Plaintiff escorted by the police through the airport in plain view of the public, Defendant Delta and its agents or employees, through words published certain information and statements concerning Plaintiff.

44. Falsely accusing a person of a criminal act tends to impeach the honesty, integrity, virtue, and reputation of that person.

45. The information and statements published by Defendant Delta and its agents or employees had a defamatory meaning concerning Plaintiff.

46. The information, statements, and communications of Defendant Delta and its agents or employees were false, because Plaintiff was not intoxicated and invited the male Delta agent who grabbed her to discuss it with the waitress at the restaurant at which Plaintiff had dinner while waiting for the long-delayed Delta shuttle flight.

47. As a direct and proximate result of Defendant Delta's and its agents' or employees' defamation, slander, and libel, Plaintiff has sustained legally presumed damages, including but not limited to embarrassment, humiliation, and mental suffering, special damages, actual damages, and consequential damages.

48. Plaintiff is informed and believes she is entitled to judgment against Defendant Delta for actual damages, consequential damages, and punitive damages.

### FOR A FOURTH CAUSE OF ACTION

(Battery)

49. All prior allegations not inconsistent with this cause of action are re-alleged and incorporated by reference herein.

50. As Plaintiff was walking away from the Gate 15 area, the young male agent of the Defendant, acting within the scope of his employment, grabbed Plaintiff by the shoulder from behind forcibly turning her around. The touching by the agent was unwanted by the Plaintiff. Further, Plaintiff had not consented to being forcibly grabbed and the agent had no excuse or

justification to grab the Plaintiff from behind, forcibly turning her around and causing great shock and distress to Plaintiff. The actions of the agent were malicious, willful, and wanton.

51. As a direct and proximate result of Defendant Delta's and its agents' or employees' acts, Plaintiff has sustained legally presumed damages, including but not limited to embarrassment, humiliation, and mental suffering, special damages, actual damages, and consequential damages.

52. Plaintiff is informed and believes she is entitled to judgment against Defendant Delta for actual damages, consequential damages, and punitive damages.

## FOR A FIFTH CAUSE OF ACTION

(Negligence)

54. All prior allegations not inconsistent with this cause of action are re-alleged and incorporated by reference herein.

55. Defendant owed a duty to Plaintiff to prevent the actions and subsequent harms of its agents and employees as described in the prior allegations of this Complaint.

56. Defendant breached those duties in the following particulars:

    a. by failing to properly supervise its employees;

    b. by failing to have proper policies and procedures to safeguard its customers from wrongful arrest;

    c. by failing to adequately train its employees; and

    d. by failing to properly investigate the incident before directing law enforcement to arrest Plaintiff even after Plaintiff invited agent to do so.

57. As a direct and proximate result of Defendant Delta's and its agents' or employees' acts and omissions, Plaintiff has sustained legally presumed damages, including but

not limited to embarrassment, humiliation, and mental suffering, special damages, actual damages, attorney's fees, and consequential damages.

58. Plaintiff is informed and believes she is entitled to judgment against Defendant Delta for actual damages, consequential damages, and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Delta for her actual damages, consequential damages, punitive damages, and any other damages as pled herein, prejudgment interest, her cost of suit and attorney's fees incurred in this action, and for such other and further relief as this Court deems just and proper.

Dated: September 6, 2013

Respectfully submitted,

**MOTLEY RICE LLC**

By: *Rebecca M. Katz*
Rebecca M. Katz (RK-1893)
275 Seventh Ave., 2nd Floor
New York, NY 10001
212-577-0041
212-577-0054 (fax)
rkatz@motleyrice.com

Mary F. Schiavo (to be admitted *pro hac vice*)
James R. Brauchle (to be admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9450 (fax)
mschiavo@motleyrice.com
jbrauchle@motleyrice.com

*Attorneys for Plaintiff*

11