UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
JANE DOE,                                           :
                                                    :       13 Civ. 6287 (PAE)
                                    Plaintiff,      :
                                                    :       OPINION & ORDER
            -v-                                     :
                                                    :
DELTA AIRLINES, INC.,                               :
                                                    :
                                    Defendant.      :
                                                    :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Defendant Delta Airlines, Inc. ("Delta") has moved for discovery sanctions against plaintiff Jane Doe, under Federal Rule of Civil Procedure 37(b)(2), based on Doe's violations of multiple court orders directing her to produce medical records and releases. On February 25, 2015, the Court granted Delta's motion for monetary sanctions, and directed Delta to submit a request identifying specific attorneys' fees and costs that it incurred in the course of attempting to obtain Doe's compliance with the Court's orders. *See Doe v. Delta Airlines, Inc.*, No. 13 Civ. 6287 (PAE), 2015 WL 798031 (S.D.N.Y. Feb. 25, 2015) (the "Sanctions Decision"). Before the Court now is Delta's application for $16,905.38 in fees and costs.

Doe argues that the amount Delta seeks is excessive. For the reasons set forth below, Delta's counsel is awarded $16,130 in attorneys' fees and $157.38 in costs from Doe, for a total award of $16,287.38.

**I.      Background**

The Court assumes familiarity with the Sanctions Decision and the overall history of this litigation.  In brief, Doe's Complaint claimed false arrest, malicious prosecution, defamation and slander, battery, and negligence.  Dkt. 1.  She alleged that she had been wrongly accused of being intoxicated before attempting to board a Delta flight, falsely arrested, and incarcerated for about eight hours before being released.

In discovery, Delta sought various of Doe's medical and pharmaceutical records and executed releases from Doe that would permit it to receive such records from Doe's medical providers.  Doe did not produce the requested records and releases.  The Court issued a series of six orders, directing Doe to produce these documents.  Doe ultimately produced the requested records and releases only after the Court had convened an in-person conference—at which Doe's counsel admitted that there was no valid basis justifying Doe's non-compliance with these orders—and issued its sixth order directing Doe to comply.

On July 22, 2015, Delta moved for sanctions based on Doe's repeated failure to comply with the Court's orders, arguing that Doe's conduct was willful and in bad faith.  Dkt. 55, 57.  In the Sanctions Decision, the Court, applying Rule 37(b)(2)(C), held that monetary sanctions were merited for Doe's "stark, persistent, and unjustified disobedience."  *Doe*, 2015 WL 798031, at *7.  The Court ordered Doe to pay Delta all documented and reasonable fees and costs that Delta incurred in the course of obtaining Doe's medical records and releases, between the point when Doe initially failed to comply with Delta's discovery demands (June 9, 2014) and the point when Doe fully complied.  *Id.* at *12.  The Court held that the compensable fees and costs were not to include those attributable to other work or projects on the case, or that would have been incurred even if Doe had promptly complied with the June 9, 2014 order.  *Id.*  The Court directed Delta to

file an affidavit setting forth the basis for its request for attorneys' fees and costs, with supporting documentation; Doe was directed to respond with "particularized attention to specific fee or cost-line items." *Id.*

On March 12, 2015, Delta filed an affirmation setting out its attorneys' fees and costs, along with supporting documentation. Dkt. 87 ("Martinez Aff."). On March 18, 2015, Doe submitted a brief in opposition to Delta's application. Dkt. 90 ("Pl. Br."). On March 23, 2015, Delta submitted a reply affirmation. Dkt. 93 ("Martinez Reply Aff.").

## II. Discussion

Delta seeks $16,905.38 for the work of the law firm of Martinez & Ritorto, P.C., which represents Delta in this action. This is comprised of $16,748 in attorneys' fees and $157.38 in costs. Doe does not challenge the hourly rates claimed by Delta's counsel, but she argues that the amount of billable hours for which she is being asked to pay is excessive.

The Court first reviews the standards governing awards of attorneys' fees, and then addresses Doe's arguments opposing Delta's fee application.

### A. Applicable Legal Standards Governing Attorneys' Fees

In determining the amount of a fee award, district courts are to calculate the "presumptively reasonable fee." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009). "The starting point for determining the presumptive reasonable fee is the lodestar amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Charles v. City of New York*, No. 13 Civ. 3547 (PAE), 2014 WL 4384155, at *2 (S.D.N.Y. Sept. 4, 2014) (internal quotation marks and citation omitted). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case

effectively.'" *Simmons*, 575 F.3d at 174 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)). Courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Arbor Hill*, 493 F.3d at 119. "[T]he fee applicant . . . bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).

**B.     Hourly Rates**

Two attorneys worked on this case for Martinez & Ritorto, P.C. Delta represents that it has paid $250 per hour for partner Louis R. Martinez, Esq., and $190 per hour for associate Michael Maragoudakis, Esq. Martinez Aff. at 4. Delta states that these rates are "in accord with rates of attorneys practicing in this District, with reference to the type and circumstances of the case involved." *Id.* at 2. Doe does not challenge these rates. The Court, based on recent cases in this District and its knowledge of prevailing rates, agrees that the requested rates are not only reasonable, but materially below the prevailing rates in this District.

"The prevailing market rates for attorneys . . . in the Southern District of New York for fees incurred on discovery motions range from $450 to $600 [per hour] for partners, [and] $220 to $400 [per hour] for associates." *S.E.C. v. Yorkville Advisors, LLC*, No. 12 Civ. 7728 (GBD) (HBP), 2015 WL 855796, at *19 (Feb. 27, 2015) (collecting cases); *see also Skanga Energy & Marine Ltd. v. Arevenca S.A.*, No. 11 Civ. 4296 (DLC) (DF), 2014 WL 2624762, at *5–7 (S.D.N.Y. May 19, 2014) (finding reasonable hourly rates of $600 for a partner and $300–$325 for associates for discovery sanctions); *Oleg Cassini, Inc. v. Electrolux Home Prods., Inc.*, No.

11 Civ. 1237 (LGS) (JCF), 2013 WL 3871394, at *2 (July 26, 2013) (approving rates of $450 per hour for a named partner and $300 per hour for an associate).  Here, the rates at issue are materially below the prevailing range of rates approved for partners and associates in this District, in connection with motions for discovery sanctions.  The Court therefore approves the rates of $250 per hour for Martinez and $190 per hour for Maragoudakis.

### C.    Number of Hours

A party is to be compensated only for "hours reasonably expended on the litigation," not for hours "that are excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).  "Upon finding that counsel seeks compensation for excessive hours, 'the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'"  *Rodriguez v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999) (quoting *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

Delta seeks to recoup the attorneys' fees it paid for work performed in furtherance of Delta's attempts to obtain the medical records and releases from Doe ("discovery disputes").  These attorneys' hours are reflected on three invoices, which span June 13, 2014 to November 10, 2014.  Martinez Aff., Ex. A.  Delta represents that during this five-month time-span, Martinez worked 20.1 hours and Maragoudakis worked 61.7 hours on the discovery disputes.  Martinez Aff. ¶ 7.

#### 1.    Block Billing

At the outset, the Court notes that, although defense counsels' bills are generally commendably specific, there are several modest instances of "block billing," which the Court defines as "grouping multiple tasks into a single billing entry, so as to leave unclear how much

time was devoted to each constituent task." *Themis Capital v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at *6 (S.D.N.Y. Sept. 4, 2014).  For example, on June 18, 2014, Maragoudakis billed three hours in a single time entry for (1) receiving and reviewing Doe's supplemental response to Delta's second request for production and first set of interrogatories; (2) conducting a telephone conference with the Southern District Court Reporters regarding the transcript for an earlier telephone conference with the Court; (3) ordering this transcript; (4) beginning to review the produced documents to determine what requested documents were missing from the production; and (5) beginning to draft a letter to Doe's counsel, requesting, *inter alia*, production of the correct authorizations.  Martinez Aff., Ex. A, at 11.

"[B]lock-billing can make it more difficult to determine reasonableness." *Oleg Cassini*, 2013 WL 3871394, at *3.  But block billing does not automatically preclude recovery for the hours billed.  Courts have instead generally made reductions in block-billed hours in situations where there was reason to believe that the hours billed were independently unreasonable, where the block-billing involved aggregating tasks that were not all compensable, or where the number of hours block-billed together was so high as to create an unacceptable risk that the aggregated total exceeded reasonable hours worked on compensable projects.  *See Adusumelli v. Steiner*, Nos. 08 Civ. 6932, 09 Civ. 4902, 10 Civ. 4549 (JMF), 2013 WL 1285260, at *4 (S.D.N.Y. March 28, 2013) (internal quotation marks and citations omitted).

None of those circumstances is present here, and although uniformly itemized billing would have been preferable, the Court's judgment is that there is no need for a reduction based on the limited block-billing here.  Defense counsel has represented that they have reduced the time billed for certain time entries such that the time billed only includes time for work related to

the discovery disputes. Martinez Aff. ¶ 4. Defense counsel further represents that they have reduced the lawyer hours for which they seek Doe to pay to eliminate hours that served an independent purpose in the case. *Id.* And the units of time block-billed, thus pruned, are not unacceptably high; they are instead in the nature of three-hour-long units. And notably, Doe, while contesting some time entries on other grounds, does not argue that defense counsel's block billing merits a reduction of fees. The Court therefore holds, based on its close review of the invoices, that the block-billing here has not "obscured . . . unreasonable billing." *Hnot v. Willis Grp. Holdings, Ltd.*, No. 01 Civ. 6558 (GEL), 2008 WL 1166309, at *6 (S.D.N.Y. Apr. 7, 2008).

### 2. Doe's Specific Objections

In claiming that the fees the defense incurred in seeking enforcement of its discovery demands are excessive, Doe argues that Delta's fee application should be reduced either by striking individual line items or by applying an across-the-board percentage reduction. Pl. Br. 1, 4. Doe makes 14 distinct objections to Delta's fee application. Based on its review of Delta's fee application and the underlying case record, the Court assesses Doe's objections as follows.

#### a. Review of Doe's Discovery Responses

Doe notes that on June 18–19, 2014, Martinez reviewed Doe's discovery responses in 0.3 hours, whereas Maragoudakis billed 3.5 hours for reviewing the responses and writing a less than two-page letter to Doe's counsel. Pl. Br. ¶ 1. Doe argues that this means that Maragoudakis spent excessive time on this project. Delta counters that it is "completely appropriate for a supervisory attorney [Martinez] to briefly review a discovery response and for an associate [Maragoudakis] to conduct a more thorough review in the preparation of an objection and related tasks." Martinez Reply Aff. ¶ 6. Delta also argues that the two-page length of the letter drafted

by Maragoudakis "does not indicate that it was more or less complex." *Id.* Rather, Delta states, preparing the letter required review of Doe's discovery responses and other discovery. *Id.*

The Court agrees with Delta. It is entirely proper, and indeed cost-effective, for an associate attorney to be the laboring oar on a discovery project of this nature. Had the legal work on this project been divided evenly between partner Martinez and associate Maragoudakis, the overall cost to Delta might well have been greater. And the 3.5 hours that Maragoudakis charged also included time to draft the two-page letter to Doe's counsel, regarding Doe's discovery responses. These charges are reasonable. There is no need to reduce them.

### b. *Delta's June 24, 2014 Letter to the Court*

Doe faults defense counsel for billing 2.5 hours for drafting a June 24, 2014 letter to the Court that was under two pages long. Pl. Br. ¶ 2. Responding, Delta faults Doe for aggregating, from different time entries, the attorney hours worked on this letter, a practice which Delta claims breaches the Court's order to Doe to focus its objections on "specific fee or cost line-items." Martinez Reply Aff. ¶ 5 (quoting *Doe*, 2015 WL 798031, at *12).

Doe's challenge to Delta's time entry is not objectionable in form. Although the Court directed Doe to not make generalized objections without identifying the specific fees or cost line-items to which she objects, here, Doe has reasonably aggregated the particular time entries relating to the same project—time entries that she contends are, in combination, excessive. Doe's advocacy on this point complies with the Court's directive.

However, the Court's judgment is that Delta's June 24, 2014 letter merited 2.5 hours of drafting time. In the letter, Delta reviews the procedural history of the case, including Doe's failure to provide the medical authorizations, as ordered by the Court, and sets out, in detail, the history of the parties' discovery dispute. Dkt. 38, at 1–2. The Court cannot say that spending

2.5 hours on this letter was excessive, and therefore declines to reduce this aspect of Delta's fee request.

                c.       *Delta's July 8, 2014 Letter to the Court*

Doe argues that the 6.2 hours that Maragoudakis charged for drafting a two-page letter to the Court, dated July 8, 2014, were excessive. Pl. Br. ¶ 3, *see* Martinez Aff., Ex. A, at 6–7. Delta counters that the amount of time charged also included time for conducting research, which it contends was necessary. Martinez Reply Aff. ¶ 7.

The Court has reviewed the July 8, 2014 letter, Dkt. 48, and defense counsel's corresponding time entries, Martinez Aff., Ex. A, at 6–7. In the letter, Delta recounts the history of the discovery dispute, and sets out the legal standards, based on its research, governing motions for reconsideration and the pharmacist-patient privilege in New York. Dkt. 48, at 1–2. In the corresponding time entries, Maragoudakis reported having reviewed Doe's eight-page brief in support of her motion for reconsideration, conducted research regarding deadlines for motions for reconsideration and extensions for discovery deadlines, and drafted the two-page letter. Martinez Aff., Ex. A, at 6–7. The Court does not doubt that Maragoudakis spent the time reported on these tasks. However, on the record before it, the Court cannot be confident that fully 6.2 hours were needed for these projects, particularly given the brevity of the letter and the relatively limited research reflected therein; a meaningful chunk of the letter consists of a chart presenting the original and proposed deadlines for discovery. *Id.* at 2. In an excess of caution, the Court will approve Delta's claim for attorneys' fees with respect to 4.0 hours, but not the remaining 2.2 hours, of the 6.2 hours reflected in Maragoudakis's time entries.

### d. Delta's July 22, 2014 Motion for Sanctions

Addressing multiple time entries together, Doe notes that between July 15, 2014 and July 22, 2014, Martinez and Maragoudakis billed a combined 23.5 hours in connection with drafting and revising Delta's 15-page motion for sanctions, which was filed on July 22, 2014. Pl. Br. ¶ 4. Doe states that half of this brief consisted of a summary of the facts and history of the case, and that, as to the balance of the motion, the case law applying Rule 37 "is not complex and substantial research is unwarranted." *Id.* Delta responds by recounting that because Doe had flouted the Court's previous orders to produce the requested medical records, Delta then determined to seek dismissal of Doe's claims. Delta therefore filed the motion for this extreme sanction, which required thorough legal research and factual and legal analysis. Martinez Reply Aff. ¶ 8.

The Court, upon review of the record, agrees with Delta. Delta's 15-page brief provided the Court with a helpful account of the relevant facts of the case, and was interspersed with facts drawn from deposition testimony. The brief constructively illuminated the sanctions issue for the Court and contained apposite legal research. Dkt. 57. The motion also attached and drew upon 13 exhibits, totaling 105 pages. The Court finds defense counsel's hours preparing Delta's motion for sanctions reasonable and declines to reduce this aspect of Delta's fee request.

### e. Reviewing Doe's Opposition to Delta's Motion for Sanctions and Drafting Delta's Reply

Doe challenges the 11 hours that counsel billed Delta for reviewing Doe's opposition to Delta's motion for sanctions and for drafting Delta's six-page reply. Pl. Br. ¶ 5. Relatedly, Doe objects that both Martinez and Maragoudakis billed time for reviewing Doe's opposition brief. *Id.* Delta again argues that such billing was merited and that it reasonably spent the time in

question conducting legal research, engaging in factual and legal analysis, and drafting the reply. Martinez Reply Aff. ¶ 8.

The Court again finds defense counsel's time reasonable. The time in question entailed reviewing Doe's 12-page opposition brief and 61 pages of 11 supporting exhibits, Dkt. 61–62, and drafting its six-page reply, which attached four supporting exhibits that totaled 27 pages, Dkt. 63. The Court declines to reduce this aspect of Delta's fee request.

### f.      *Delta's August 4, 2014 Letter to the Court*

On August 1, 2014, Doe filed a letter withdrawing her request for an extension of time to respond to Delta's motion for sanctions and to comply with the Court's July 23, 2014 Order. Pl. Br. ¶ 6. Doe stated that she had timely filed her opposition brief and had "contacted Defendant with a proposed method to exchange the required information," in compliance with the Court's July 23, 2014 Order. *Id.* On August 4, 2014, Delta filed a letter in response, stating that the parties, in fact, had not agreed on the document production. Dkt. 66. Doe now argues that her August 1, 2014 letter had not represented that the parties had agreed on the production of documents, and Delta's August 4, 2014 letter, for which defense counsel charged Delta 1.3 hours, was therefore "unnecessary." Pl. Br. ¶ 6.

The Court declines to reduce Delta's fee request as to this small amount of attorney time. Delta's letter not only informed the Court that Delta had not reached any agreement with Doe regarding the production of records; it also notified the Court of Doe's proposed method to produce the documents, which was not in compliance with the Court's orders. Dkt. 66. Delta's August 4, 2014 letter thereby provided helpful information to the Court, and the small amount of time spent on that letter (1.3 hours) was not excessive.

### g. CVS Authorization and Letter to Doe

Doe objects to the 3.1 hours Maragoudakis charged on September 29, 2014 for reviewing a CVS authorization received from Doe and for drafting a short letter to Doe. Pl. Br. ¶ 7. Doe defends the CVS authorization she provided as adequate, explaining that it did not provide an address for CVS because most medical authorizations do not require the provider's address. *Id.* Doe asserts that Maragoudakis's charges for calling CVS customer service to obtain an address to request pharmaceutical records is "clerical, not legal work." *Id.* Doe also argues that her paralegal was able to obtain the pertinent CVS address via an Internet search. *Id.*

Delta, for its part, clarifies that Maragoudakis's time on this project served not only to determine CVS's general address but also to confirm that this was the correct address to send the authorization for Doe's pharmaceutical records. Martinez Reply Aff. ¶ 9. Delta also notes that Maragoudakis's billing entry reflected time drafting a letter identifying Doe's error in the CVS authorization as well as other missing authorizations.

The Court declines to reduce this aspect of Delta's fee request. Although Maragoudakis's calls to CVS customer service could have been conducted by a paralegal, the time entry, as Delta notes, also reflects more substantive work relating to resolving the discovery disputes. Under the circumstances, it was not unreasonable for Maragoudakis to contact CVS rather than tasking a paralegal to do it. Furthermore, Maragoudakis's billing rate is not significantly above the rates authorized in this District for paralegal work. The Court, therefore, finds Maragoudakis's time entry reasonable.

### h. October 1, 2014 Joint Letter to the Court

On September 16, 2014, the Court directed the parties to file a joint letter by October 1, 2014, stating whether Doe had complied with the Court's orders. Dkt. 70. Doe states that

defense counsel billed 4.1 hours for drafting their one and one-third-page insert in the joint letter, which, Doe claims, is "considerably more time" than Doe's counsel required for drafting the "equivalent amount of material." Pl. Br. ¶ 8. Delta defends this entry, stating that the joint letter was revised multiple times by Doe's counsel, after Delta put forward its submission, thus requiring further revisions by Delta. Martinez Reply Aff. ¶ 10.

The Court again holds for Delta on this point. The time entries corresponding to the October 1, 2014 joint letter indeed reflect the multiple revisions that defense counsel made in response to Doe's counsel's changes. Doe's argument that defense counsel's time billed is excessive because it exceeded the time Doe's counsel billed is unpersuasive, both because Doe's counsel's time on a particular project is not the measure of reasonableness, and because Doe's letter does not reveal the time her attorney spent working on this joint letter.

> i. *Delta's October 2, 2014 Letter to the Court*

On October 1, 2014, Doe's counsel's paralegal added language to the joint letter stating that the letter was "verifying compliance with Court's order." Pl. Br. ¶ 9. In response, on October 2, 2014, defense counsel wrote a one-paragraph letter to the Court, objecting to the description of this letter that appeared on ECF. Dkt. 75. Doe challenges the 1.5 hours defense counsel spent drafting this letter, arguing that aside from the ECF description, the aforementioned phrase does not appear in the joint letter. Pl. Br. ¶ 9.

The Court notes that for the October 2, 2014 letter, Martinez charged 0.4 hours, and Maragoudakis billed 1 hour, for a total of 1.4 hours. Martinez Aff., Ex. A, at 7. The Court does not question that counsel in fact spent such time on this project but is not persuaded that it was necessary to spend such time pursuing this non-substantive dispute. The Court accordingly will

permit Delta to recover fees attributable to Maragoudakis's time, but not Martinez's, on this project.

### j. HIPAA Authorization

On October 20, 2014, Delta received a signed Health Insurance Portability and Accountability Act ("HIPAA") authorization from Doe. Doe unilaterally changed the expiration date of the authorization to October 31, 2014. Dkt. 77, at 2. The provider then informed Delta that it could not comply with the authorization by October 31, 2014 and requested a new, unaltered authorization. *Id.* On November 10, 2014, the Court granted Delta's request for an extension of pending deadlines because Delta had not timely received medical authorization forms in a form acceptable to at least this one medical provider. Dkt. 78.

Doe objects to the 3.7 hours defense counsel billed between October 24, 2014 and November 3, 2014, regarding the HIPPA authorization. Pl. Br. ¶ 10. The Court disagrees. Doe's unilateral alteration of the authorization is what gave rise to this flurry of work, and the amount of time spent addressing this problem of Doe's creation is reasonable. The Court therefore does not reduce defense counsel's time on this project.

### k. Patient Privilege Research

Doe claims that defense counsel's charges for legal research on "simple legal issues" are "excessive." Pl. Br. ¶ 11. Specifically, Doe disputes the 3.5 hours Maragoudakis charged on June 30, 2014, for researching the physician-patient privilege in New York. *Id.* Delta argues that Doe's refusal to comply with the Court's orders on grounds of privilege implicated issues of physician-patient and pharmacist-patient privilege under New York and Virginia law, thus requiring Delta to conduct research into those topics. Martinez Reply Aff. ¶ 11.

No reduction is warranted with respect to Maragoudakis's time spent researching these topics. To be sure, "[c]ourts in this district have awarded reduced rates for legal research where the research was on a 'basic level.'" *Charles*, 2014 WL 4384155, at *7; *see also, e.g.*, *Bridges v. Eastman Kodak Co.*, No. 91 Civ. 7985 (RLC), 1996 WL 47304, at *9 (S.D.N.Y. Feb. 6, 1996); *Jennette v. City of New York*, 800 F. Supp. 1165, 1169 (S.D.N.Y. 1992). But it is within the Court's discretion whether to award full or reduced pay. *See Charles*, 2014 WL 4384155, at *7; *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) ("In assessing the extent of . . . background research appropriate for a given case, a district court must be accorded ample discretion."). Here, there is no reason to conclude that the amount of time Maragoudakis billed conducting legal research (3.5 hours) was excessive. Courts in this District that have reduced the number of hours compensable for conducting legal research have done so only where they determined that the hours spent were unreasonable. *See, e.g.*, *Bridges*, 1996 WL 47304, at *9 ("[T]he court does not believe that the *several hundred hours* expended were absolutely necessary. Thus, the research time will be compensated, but at a rate of 50%.") (emphasis added). Such is not the case here.

### l. Allegedly Inconsistent Charges

Doe claims that several of defense counsel's charges are "inconsistent." Pl. Br. ¶ 12. Specifically, Doe points to the fact that Martinez billed 0.5 hours billed for reviewing the Court's July 1, 2014 Order, Dkt. 45, while Maragoudakis billed 0.1 hours to review the same order. Pl. Br. ¶ 12. Doe also states that Martinez, on July 9, 2014, charged 0.3 hours for "considering issues that were to be addressed in [Delta's] opposition to [Doe's] motion for reconsideration," whereas Delta had filed its opposition on July 8, 2014. *Id.*

Delta does not contest Doe's arguments regarding the July 1, 2014 Order, which is one paragraph-long. Such a short order, which simply directed Doe to produce her medical and pharmaceutical records, did not require 0.5 hours for Martinez to review. Thus, the Court reduces Martinez's time for this entry to 0.1 hours, consistent with Maragoudakis's time entry.

As to the second alleged billing inconsistency, Delta explains that the letter for which it billed on July 9, 2014 was not one opposing Doe's motion, but a separate one requesting that the Court grant Delta seven days to file a formal opposition to Doe's motion for reconsideration. Martinez Reply Aff. ¶ 7. Having reviewed the record, the Court finds this explanation persuasive and does not make any reduction as to this time.

### m. *Delta's Opposition to Doe's Motion to Compel*

Doe states that on July 9, 2014, Maragoudakis billed time for "drafting opposition to [Doe's] motion to compel"; Doe notes that she never filed a motion to compel. Pl. Br. ¶ 13. Delta clarifies that the defense counsel's listing of "motion to compel" was an "inadvertent scrivener's error," and that the reference instead was to Doe's motion for reconsideration. Martinez Reply Aff. ¶ 7.

The Court, having reviewed the record, agrees that this time entry was a scrivener's error, and thus no reduction of Delta's time with respect to this entry is merited.

### n. *Allegedly Inconsistent Timing of Delta's Motion for Sanctions Filing*

Doe states that on July 29, 2014, Martinez was present at a deposition, which concluded at 10:32 a.m., Eastern Time. Pl. Br. ¶ 14. Doe notes that at 11:02 a.m., Eastern Time, Delta filed a supplement to its motion to dismiss. *Id.* Doe argues that though this supplement was filed 30 minutes after the conclusion of the deposition, Martinez and Maragoudakis charged a total of 1.5 hours for the supplement. *Id.* Delta contends that because Doe had not earlier produced the

16

requested documents, defense counsel reasonably anticipated that Doe would not produce her records at the deposition, and, on that assumption, had drafted the letter prior to the deposition, modifying it afterwards. Martinez Reply Aff. ¶ 12.

These time entries are reasonable. Defense counsel's invoice reflects that Maragoudakis spent one hour drafting and filing the one-page July 29, 2014 letter and reviewing Doe's one-page letter. Martinez Aff., Ex. A, at 15. Martinez, for his part, billed 0.5 hours for a post-deposition conference with Doe's counsel and for reviewing the July 29, 2014 letter. *Id.* There is nothing unreasonable about this use of time, and Delta's explanation that it had partly drafted its letter in advance of the deposition satisfactorily explains the time entry that Doe had claimed to be logically inconsistent. No reduction in these charges is merited.

### o.   *Conclusion*

For the reasons set out above, the Court reduces Delta's request for reimbursement of fees so as to approve reimbursement of 19.3 hours of Martinez's work and 59.5 hours of Maragoudakis's work. At the billing rates the Court has approved, the fees to be reimbursed total $16,130.

### D.   Costs

Delta seeks a total of $157.38 in costs, arising from its ordering of transcripts of court conferences on June 5, 2014 and September 12, 2014. Def. Br. 4. Doe does not challenge this request, and the Court finds these costs reasonably incurred and the documentation sufficient. Thus, the Court awards Delta's counsel $157.38 in costs.

## CONCLUSION

For the foregoing reasons, Doe is ordered to pay Delta $16,287.38 in fees and costs, which the Court has found to be a reasonable measure of the monetary sanctions ordered by the

Court in its Sanctions Decision. Payment shall be made within 10 days of the date of this Opinion and Order, *i.e.* by May 1, 2015. The parties also are directed to file a letter, by May 1, 2015, notifying the Court whether Doe has paid Delta the $16,287.38 awarded.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 21, 2015
       New York, New York