UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JANE DOE,

                              Plaintiff,

        -v-

DELTA AIRLINES, INC.,

                              Defendant.

------------------------------------------------------------X

13 Civ. 6287 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/2/15

PAUL A. ENGELMAYER, District Judge:

On September 6, 2013, plaintiff Jane Doe brought claims of battery, defamation, false arrest, malicious prosecution, and negligence against defendant Delta Airlines, Inc. ("Delta"), arising out of events that occurred during a flight delay and resulted in her arrest for public intoxication. Dkt. 1. The same day, the Court granted Doe's *ex parte* motion for leave to file her Complaint under a pseudonym. Dkt. 2.

On September 10, 2015, the Court issued an Opinion and Order, granting Delta summary judgment on all of Doe's claims, save for her battery claim, which is now proceeding to trial. Dkt. 130. The Court issued a separate order, directing Doe to submit a letter by September 17, 2015, stating whether she sought to proceed pseudonymously at trial, and if so, concretely, her basis and the legal authority for this request. Dkt. 131. Delta was directed to respond by September 22, 2015.

The Court has received both parties' letters. Dkt. 132, 134. Doe asks to be permitted to proceed pseudonymously. Dkt. 132. She argues that she is a professional (a practicing attorney) whose reputation and finances may be harmed by disclosure of her arrest for public drunkenness;

that there is little public interest in her identity; and that Delta, which knows her identity, will not be prejudiced if she proceeds pseudonymously. *Id.* at 1–3.  Doe also asks that, if the Court denies her request, she be given 72 hours to decide whether to continue to pursue the remaining battery claim. *Id.* at 3.  Delta counters that there is a public interest in the scrutiny of judicial proceedings; that allowing Doe to proceed pseudonymously may unfairly give her claims added credence before the jury; and that Doe should not be permitted to make what Delta regards as specious claims against Delta without being accountable for them.  Dkt. 134, at 1–4.

Under Rule 10(a) of the Federal Rules of Civil Procedure, a complaint must "name all the parties."  Fed. R. Civ. P. 10(a).  "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2009).  The use of pseudonyms "runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment."  *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citations and internal quotation marks omitted).  However, "[i]t is within a court's discretion to allow a plaintiff to proceed anonymously," *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996) (collecting cases), and courts in this Circuit have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously," *Sealed Plaintiff*, 537 F.3d at 189 (alteration in original) (citation and internal quotation marks omitted).

"The central inquiry in determining whether a plaintiff may proceed pseudonymously is a balancing of a 'plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant.'"  *Michael v. Bloomberg L.P.*, No. 14 Civ. 2657 (TPG), 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) (quoting *Sealed Plaintiff*, 537 F.3d at 189).  The

2

Second Circuit has identified the following non-exhaustive list of factors for district courts to consider in balancing those interests:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identify; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (alteration in original) (citations and internal quotation marks omitted).

The Court's considered view is that, with the case now headed to trial, the key factors here favor disclosure of Doe's name, not permitting her to proceed pseudonymously.

As to the public interest: Doe argues that because this case is now solely a battery claim involving her and a Delta employee, there is little public interest. Dkt. 132, at 1. But, inherently, as then-District Judge Lynch has recognized:

> There is a significant interest in open judicial proceedings even in ordinary civil litigation between private parties. Private civil suits, individually and certainly in the aggregate, do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms. Further, where individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication.

*Del Rio*, 241 F.R.D. at 159.

As to prejudice to Delta: Doe argues that Delta will not suffer prejudice because, during pretrial proceedings, it has not been "hampered in [its] discovery requests" and, until the Court's recent order, had not moved to bar Doe from proceeding pseudonymously. Dkt. 132, at 2. A different balance of interests, however, comes into play at the trial phase, because a jury will now be called upon to resolve critical issues of credibility. Delta's view of the facts is that Doe was inebriated at the airport during the events in question, that Delta justifiably kept Doe off its flight, that Doe was validly arrested after airport officials drew her conduct to the attention of the police, and that Doe is using her claim of battery to strike out at Delta for an embarrassing incident for which Doe properly bears responsibility. Delta's concern is that allowing Doe to remain anonymous at trial would shield her from accountability before the jury for making meritless claims. The case law recognizes a defendant's interest in confronting an identified accuser. "If plaintiff were permitted to prosecute this case anonymously [at trial], [Delta] would be placed at a serious disadvantage, for [it] would be required to defend [itself] publicly [before a jury] while plaintiff could make her accusations from behind a cloak of anonymity." *Shakur*, 164 F.R.D. at 361.[1]

Looking ahead to the trial, the Court agrees that Delta could suffer concrete prejudice in several respects were Doe permitted to proceed pseudonymously. A witness who proceeds under her own name and is subject to potentially rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account. Moreover, the jury, armed with greater information about Doe and her professional and personal standing, will be better equipped to assess her credibility and her asserted motives for accusing Delta of battery.

---

[1] An aviation trade journal has already published an article on this case, naming Delta but not Doe. Dkt. 134, Ex. 1.

4

While Doe's profession as a lawyer could be adduced without also revealing her name, deeper inquiry into her background would, in practice, be difficult without revealing her name.  Finally, allowing Doe to proceed pseudonymously would run a risk of giving her claims greater stature or dignity before, or otherwise confusing or distracting, the jury.  As many jurors and any reader of New York area newspapers surely would be aware, parties to lawsuits routinely contend, at trial, with disclosure of embarrassing incidents such as public intoxication—indeed, trials commonly bring to light far more prejudicial, damning, and colorful episodes.  Were Doe permitted to proceed on a no-name basis, one or more jurors might conclude that she, for unknown reasons, merited extra-solicitous treatment.  This might skew the jury's assessment of Doe's credibility and her claims.

Doe also argues that her proceeding pseudonymously at trial necessarily will not deprive Delta of potential witnesses because depositions are complete.  Dkt. 132, at 3.  That is not so.  It is conceivable that witnesses, upon the disclosure of Doe's name, will "step forward [at trial] with valuable information about the events or the credibility of witnesses."  *Del Rio*, 241 F.R.D. at 159 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596–97 (1980) (Brennan, J., concurring) ("Public trials come to the attention of key witnesses unknown to the parties.")).  The facts here supply a useful illustration.  No witness besides Doe has claimed to have witnessed the act of battery that she claimed occurred, and the Delta employee who allegedly perpetrated it has never been identified.  Conceivably, full disclosure of Doe's identity may lead others to come forward with information relevant to this claim—potentially information tending to identify the employee, or potentially information illuminating the circumstances under which Doe first came to claim such battery.

5

Finally, as to prejudice to Doe: Doe does not claim that she would risk physical harm or retaliation for going public with the claim of battery at the hands of the Delta employee. And she does not, and cannot credibly, claim a significant privacy interest. The events in question occurred in public, in an airport terminal, where, Delta argued, Doe drank wine to excess in a restaurant and repeatedly behaved erratically in view of passengers and airport employees. Rather, Doe claims that, as a practicing lawyer, she will suffer professionally, and therefore financially, if her name is disclosed. Dkt. 132, at 2–3.

These concerns are not invalid. Doe is surely correct that a client-service professional like she runs a risk of losing face and business if vivid accounts of her public inebriation and dyspeptic behavior at a major metropolitan airport are aired. And if the jury ruled for Delta on the battery claim, its verdict might be taken as confirming that Doe was indeed inebriated, and that her claim of battery was fanciful, whether a product of alcohol or anger at her arrest or both. But perspective is key. "[C]laims of public humiliation and embarrassment" are generally "not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously." *Shakur*, 164 F.R.D. at 362. And a single incident of public drunkenness is far less embarrassing than many facts that come to public light in civil litigation. Further, if the facts are as Doe claims—and the Court does not prejudge whether her narrative is or is not credible—Doe ought have less to fear. If she was not impaired, and instead is found to have suffered a battery when an airport employee without justification grabbed her shoulder, then the fact that certain witnesses perceived her to have been inebriated is less likely to gain traction.

A case on which Delta relies, *Doe v. City of New York*, 201 F.R.D. 100 (S.D.N.Y. 2001), is apposite. The plaintiff there, like Doe (*see* Dkt. 134, at 1), was an attorney and a member of the Bar of this Court. *Id.* at 101. The plaintiff claimed that she had gotten into a dispute with a

6

taxi driver, who then called the police and accused her of not paying the full fare. *Id.* The police then demanded that she pay the additional amount, or face arrest. *Id.* The plaintiff claimed that she declined to pay the fare and was then arrested and taken into police custody. *Id.* Upon her release, the plaintiff brought suit, and sought to proceed pseudonymously lest disclosing her name "lead to reputational injury and embarrassment, particularly among her colleagues at the Bar." *Id.* Judge Kaplan rejected that bid. He held that "while her claim of reputational injury is not to be discounted entirely, it hardly sweeps the decks. . . . [T]he Court concludes that plaintiff's claim of threatened harm is speculative and exaggerated." *Id.* at 102.

So, too, here. Doe, not Delta, "chose[] to bring this lawsuit," and since then Doe has vigorously litigated her claims, of which one, battery, has survived summary judgment. *Shakur*, 164 F.R.D at 361. With Doe having "put her credibility in issue . . . [f]airness requires that she be prepared to stand behind her charges publicly." *Id.* The Court, therefore, denies Doe's request to proceed pseudonymously at trial.

In her application to proceed pseudonymously, Doe asks that the Court, should it deny Doe's motion, grant her "72 hours from the issuance of the Court's order to decide whether she would continue to prosecute the remaining claim." Dkt. 132, at 3. That request is reasonable and is granted. Doe is, therefore directed, by Wednesday, October 7, 2015, at 5 p.m., to file an amended complaint, identifying herself by name. The amended complaint shall otherwise be identical to the presently operative complaint.

The Clerk is directed to terminate the motion pending at Dkt. 132.

7

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: October 2, 2015
       New York, New York